# UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF TENNESSEE

# NASHVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL NO.3:07-cv-1065** |
| ) | |
| **$7,000.00 United States Currency,** ) | |
| ) | |
| **Defendant.** ) | |

## DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE

Plaintiff, United States of America, pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, has moved for a Default Judgment and Final Order of Forfeiture forfeiting the defendant property to the United States of America.

On October 26, 2007, the United States of America filed a Verified Complaint for Forfeiture seeking forfeiture of the above-captioned defendant property, alleging that the defendant property constitutes moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by an person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §841, all proceeds traceable to such an exchange and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. §841(a)(1), knowing or intentional manufacture, distribution or dispensing, or possession with intent to manufacture, distribute or dispense, a controlled substance and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). (D.E. 1).

Pursuant to a Warrant and Summons for Arrest of Articles *In Rem* issued by the Clerk of this Court on October 30, 2007 (D.E. 5), the United States Marshal for the Middle District of Tennessee

executed the Warrant against the defendant property on November 8, 2007. (D.E. 6).

On November 1, 2007, Gregory Dewayne Osborne, was served, via certified mail, return receipt, with a copy of the Verified Complaint for Forfeiture and Notice of Seizure. (D.E. 1)(Notice of Seizure attached as Exhibit 1). Further, Gregory Dewayne Osborne is not an infant or incapacitated person, and he is not in the military service of the United States, within the meaning of the Solders' and Sailor's Civil Relief Act as amended. (Exhibit 2).

Public notice to all persons of said forfeiture action was advertised in *The City Paper* on November 20, 2007, November 27, 2007 and December 4, 2007. (D.E. 7).

Pursuant to said notice, all persons claiming an interest in defendant property were required to file their claims with the Clerk of this Court within thirty-five (35) days from service of the Verified Complaint for Forfeiture, Warrant and Summons for Arrest of Articles *In Rem*, and Notice of Seizure or within thirty (30) days from the last date of publication of the Notice, whichever occurred first.

No person or entity has filed a Verified Claim within the time permitted by Title 18, United States Code, Section 983(a)(4)(A), and Rule G(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure.

The Clerk of this Court has entered a default as to all persons and entities claiming an interest in defendant property, pursuant to Rule 55(a) Federal Rules of Civil Procedure.

The United States has now moved for entry of a Default Judgment and this Court is of the opinion that the Motion of the United States for Default Judgment should be granted and Default Judgment be entered as to all persons or entities who may claim to have an interest in the defendant

property. Further, the Court finds that the Verified Complaint for Forfeiture establishes probable cause to believe that the defendant property constitutes moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by an person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §841, all proceeds traceable to such an exchange and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of 21 U.S.C. §841(a)(1), knowing or intentional manufacture, distribution or dispensing, or possession with intent to manufacture, distribute or dispense, a controlled substance and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), and, therefore, a Final Order of Forfeiture should be entered.

The Motion of the United States for Default Judgment and Final Order of Forfeiture is hereby GRANTED. Therefore, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1. A Judgment by Default is hereby entered as to Gregory Dewayne Osborne and all persons or entities with respect to any interest they may have in the defendant property.

2. The defendant property more particularly described as $7,000.00 United States Currency, is hereby forfeited to the United States of America, and all right, title and interest in and to said property is hereby vested in the United States of America, pursuant to 21 U.S.C. § 881 and 18 U.S.C. § 981.

3. The United States Marshals Service, as custodian of said forfeited property, shall dispose of the same according to law.

4. The Clerk of this Court shall provide the United States Attorney's Office and the

United States Marshals Service with a certified copy of this order.

Dated on this, the **10th** day of **JULY**, 2008.

_____
THOMAS J. WISEMAN
UNITED STATES DISTRICT JUDGE

APPROVED FOR ENTRY:

EDWARD M. YARBROUGH
United States Attorney


By: s/Debra Teufel Phillips
DEBRA TEUFEL PHILLIPS (BPR 011706)
Assistant United States Attorney
110 9th Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
Telephone: (615) 736-5151
Facsimile : (615) 736-5323

4